IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 3:03-cr-0175-1 |
| ) | Chief Judge Haynes |
| v. ) | |
| ) | |
| PERALD LOPEZ ELLIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Before the Court is the Defendant's motion to resentence him under amendments to the Sentencing Guidelines for convictions for crack cocaine offenses. (Docket Entry No. 64). On September 10, 2003, Defendant was named in a six count indictment charging him with possession with intent to distribute cocaine, in violation 21 U.S.C. § 841(a)(1) (Count One); possession with intent to distribute cocaine within 1,000 feet of an elementary school, in violation of 21 U.S.C. § 860 (Count Two); possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three); possession of a .380 caliber pistol by a prior convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four); possession of a 20-gauge short-barreled shotgun by a prior convicted felon, in violation of 28 U.S.C. § 922(g)(1) (Count Five); and possession of a 20-gauge short-barreled shotgun which was not registered to Defendant in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841 and 5861(d) (Count Six). The Government filed a notice pursuant to 21 U.S.C § 851 alleging that the defendant had prior drug-related convictions. (Docket Entry No. 27).

1

On March 12, 2004, Defendant pled guilty under a Federal Rule of Criminal Procedure 11(c)(1)(C) agreement to Counts One, Two, Three and Four. (Docket Entry No. 29, Plea Petition and Agreement). On June 4, 2004, the Court sentenced Defendant to 151 months on Counts One and Two, and 120 months on Count 4, to be served concurrently and 60 months on Count 3 to be served consecutively to the other counts, for a total sentence agreed upon sentence of 211 months. (Docket Entry No. 35). Defendant was advised in the Plea Petition that he would be sentenced under the Sentencing Guidelines. (Docket Entry No. 29, Plea Petition, at 2).

Here, the parties also agreed that Defendant was responsible for at least 150 grams but not less than 500 grams of cocaine base. Id. This was a conservative estimate of the amount of cocaine base that Defendant knew would be manufactured by the buyers. Id., Agreement, at ¶ 7; Docket Entry No. 41, Sentencing Hearing Transcript, at 4-9. As to Counts One, Two, and Four, the parties agreed to a criminal history category of II and a total offense level of 32 under the guidelines in place at the time of Defendant's sentencing, for a guideline range of 135 to 168 months, and a mandatory sentence of 60 months on Count Three. Id. at 9.

In an amendment to the Sentencing Guidelines effective November 1, 2007, the United States Sentencing Commission generally reduced the Base Offense Level for offenses involving cocaine base by two levels. On December 11, 2007, the Commission made the amendment retroactive effective March 3, 2008. On April 16, 2008, the Sentencing Commission amended the commentary to U.S.S.G. § 2D1.1 to revise the manner in which combined offense levels are determined in cases involving cocaine base (crack cocaine) and one or more other controlled substances. The Commission also amended U.S.S.G. § 1B1.10 governing a reduction in the term of imprisonment based upon the amended guideline range retroactive to the amendment to

U.S.C.G. § 2D1.1. The effective date for these amendments was May 1, 2008.

The Defendant's motion to resentence falls under 18 U.S.C. § 3582(c)(2), which provides, in pertinent part, as follows:

> (b) **Effect of finality of judgment.** - Notwithstanding the fact that a sentence to imprisonment can subsequently be -
>
> (1) modified pursuant to the provisions of subsection (c):
>
> \* \* \*
>
> (c) **Modification of an imposed term of imprisonment.** - The court may not modify term of imprisonment once it has been imposed except that -
>
> \* \* \*
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3581(b)(1) and (c)(2) (emphasis added).

As pertinent here, Section 1B1.10, "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)," as amended, provides as follows:

> (a) Authority.-
>
> (1) **In General.-In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.**
>
> (2) Exclusions.- **A reduction in the defendant's term of imprisonment is not consistent with the policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if-**

3

(A) None of the amendments listed in subsection (c) is applicable to the defendant; or

(B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation.- **Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.**

(b) Determination of Reduction in Term of Imprisonment.-

(1) In General.-**In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.**

(2) Limitations and Prohibition on Extent of Reduction.-

(A) In General.- **Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.**

(B) Exception.- If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a further reduction generally would not be appropriate.

(c) Covered Amendments.-Amendments covered by this policy statement are listed in Appendix C as follows: ... 706 ....

U.S.S.G. § 1B1.10 (emphasis added).

Here, the amendment results in a reduction of the base offense level by two levels, for a

total offense level of 30 if Defendant is responsible for the higher amount of cocaine base, resulting in a guideline range of 108 to 135 months on Counts One, Two, and Four.

Accordingly, the Defendant's motion for resentencing (Docket Entry No. 64) should be granted. "A [district court's] sentence should reflect the [advisory] considerations listed in [18 U.S.C.] § 3553(a)." United States v. McBride, 434 F.3d 470, 474 (6th Cir. 2006). Here, the Court concludes that in light of the factors under Section 3553(a) as reflected in the factual circumstances cited in the presentence report and the parties' filings, Defendant is sentenced to 135 months on Counts One, Two, and Four, to be served concurrently and 60 months on Count Three to be served consecutively to the other counts, for a total sentence of 195 months.

An appropriate Order is filed herewith.

**ENTERED** this 26th day of November, 2012.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court